NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3158

GLORIA M. ALMARAZ,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: October 6, 2005

_____

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and SCHALL, Circuit Judge.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) dismissed, for lack of jurisdiction, Ms. Gloria M. Almaraz's appeal of a Department of Labor decision denying her extended leave without pay (LWOP). Because Ms. Almaraz has not shown that the Board has jurisdiction, this court affirms.

## Background

Ms. Almaraz is a GS-12 Senior Compliance Officer at the Department of Labor's Office of Federal Contract Compliance, in San Antonio, Texas. Almaraz v. Dep't. of Labor, Docket Number DC-3443-04-0193-I-1, slip op. at 1 (M.S.P.B. Apr. 20, 2004) (Initial Decision). On May 10, 2002, Ms. Almaraz applied for eight

weeks of extended leave (seven weeks LWOP and one week of annual leave), but was granted only four (three weeks of LWOP and one week of annual leave). Ms. Almaraz filed a formal equal employment opportunity (EEO) complaint against the Agency, citing a recent grant of six months of LWOP to a male coworker as evidence of disparate treatment. Ms. Almaraz also alleged that she was given a marginal performance appraisal after filing a previous gender disparate treatment complaint.

The Board dismissed Ms. Almaraz's case without reaching the merits. Rather, the administrative judge concluded that the "agency actions" asserted in her complaint did not fall within the limited class of actions appealable to the Board. Almaraz v. Dep't of Labor, Docket Number DC-3443-04-0193-I-1, slip op. at 2, (M.S.P.B. Jan. 9, 2004) (Acknowledgment Order). The administrative judge thus required Ms. Almaraz to submit allegations of jurisdiction. Id. Ms. Almaraz's response alleged that the Board had jurisdiction under 5 U.S.C. §§ 1204(a)(4) and (f), because she was seeking review of an Office of Personnel Management (OPM) regulation. Ms. Almaraz did not specify the particular OPM regulation under challenge, but asserted that review of the Agency's implementation of "the OPM regulation" would demonstrate the Agency's gender-based disparate-treatment in violation of 5 U.S.C. §§ 2302(b)(1)-(11).

The administrative judge held that the Board was without jurisdiction. See Initial Decision, slip op. at 3-4. The full Board denied Ms. Almaraz's petition for review. Almaraz v. Dep't of Labor, Docket Number DC-3443-04-0193-I-1, slip

op. at 2 (M.S.P.B. Mar. 14, 2005).  Ms. Almaraz then filed the present appeal under 28 U.S.C. § 1295(a)(9).

Discussion

This court affirms a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence.  See 5 U.S.C. § 7703(c) (2000); Marino v. Office of Pers. Mgmt., 243 F.3d 1375 (Fed. Cir. 2001); Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995).  Whether the Board has jurisdiction over an appeal is a question of law, which this court reviews without deference.  Forest, 47 F.3d at 410.

Ms. Almaraz did not invoke the Board's original jurisdiction to review "invalid" OPM regulations under section 1204 of title 5.  See Prewitt v. Merit Sys. Prot. Bd., 133 F.3d 885, 886-87 (Fed. Cir. 1998) ("The Board has original jurisdiction to review rules and regulations issued by the Office of Personnel Management (OPM).") (citing 5 U.S.C. § 1204(f)(1)) (other citations omitted).  Specifically, "the Board is authorized to declare OPM rules and regulations invalid if their implementation requires agencies to commit prohibited personnel practices as defined in 5 U.S.C. § 2302(b)."  Id. at 887 (emphasis added).  However, in this case, Ms. Almaraz has not specified an allegedly invalid OPM regulation.  Instead, Ms. Almaraz has identified prohibited personnel practices (i.e., discriminatorily granting LWOP and issuing a marginal performance evaluation in retaliation for filing a complaint) arising from the Agency's application of OPM regulations and policies *to this particular situation*.  Ms. Almaraz's allegations do not "describe how any OPM regulations require[d]

05-3158                                          3

agency employees to commit those prohibited personnel practices" in this case. Id. (citing 5 C.F.R. §§ 1203.1(a), 1203.11(b)(1)) (other citations omitted) (emphasis added). Accordingly, Ms. Almaraz has failed to show that the Board has original jurisdiction under 5 U.S.C. § 1204.

Ms. Almaraz also did not invoke the Board's appellate jurisdiction over prohibited Agency actions. Rather, Ms. Almaraz cites two "Agency actions" that are not subject to the Board's jurisdiction (i.e., denial of LWOP and issuance of performance appraisals). Neither "action," however, is listed in 5 U.S.C. § 7512(1)-(5) or 5 C.F.R. § 1201.3(a)–(c) as an appealable adverse action within the Board's appellate jurisdiction. Thus, even if these "actions" involve a claim of discrimination or reprisal, they are appealable only if connected to an otherwise appealable action. See Cruz v. Dep't of Navy, 934 F.2d 1240, 1245-46 (Fed. Cir. 1991) (en banc) (holding that the mere assertion of discrimination alone does not provide a basis for Board jurisdiction because discriminatory acts in themselves are not agency actions appealable to the Board). Because Ms. Almaraz does not cite any other actions in her complaint, she has not provided any evidence of an appealable agency action.

Having reviewed Ms. Almaraz's asserted grounds of jurisdiction and finding none of them sufficient, this court agrees with the Board. As such, the Board's dismissal of Ms. Almaraz's appeal due to lack of jurisdiction is affirmed.